

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ALBERT L. ROPER, II REVOCABLE
TRUST, et al.,

        Plaintiffs,

v.                                                                               Civil Action No. 2:21-cv-596

CITY OF NORFOLK, et al.,

        Defendants.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is City of Norfolk ("City" or "Defendants") Motion to Dismiss ("Motion") Albert L. Roper, II Revocable Trust, et al.'s ("Plaintiffs") Complaint on behalf of all other Defendants, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Mot. Dismiss, ECF No. 23; Mem. Supp. Mot. Dismiss, ECF No. 24. The Court reviewed the parties' pleadings, including any response by Plaintiff and subsequent reply by Defendants, and this matter is ripe for determination.[1] Pl.'s Mem. Opp., ECF No. 26; Reply, ECF No. 27. For the reasons stated below, Plaintiffs' claims against Defendants are **DISMISSED WITH PREJUDICE** for lack of standing, and Defendants' Motion is **DISMISSED** as moot.

### I.     FACTUAL HISTORY

The following facts are accepted as true and construed in a light favorable to Plaintiffs:

In or about 1901, C.W. Grandy built the structure which sat at 355 W. Freemason Street in Norfolk, Virginia ("Grandy House"). Compl. ¶ 33. Since 1901, the Grandy House was used for residential and office purposes. *Id.* ¶ 34.

---

[1] A hearing on the Motions is not necessary, and Plaintiffs' request for a hearing is **DENIED**. Hr'g Request, ECF No. 29.

On or about December 21, 1971, the Commonwealth of Virginia added the West Freemason Street Area Preservation Zone to the Virginia Landmarks Register. *Id.* ¶ 35. On November 7, 1972, the United States Department of the Interior added the West Freemason Street Area Preservation Zone to the National Register of Historic Places. *Id.* ¶ 36. Then, in 1973, the Commonwealth of Virginia enacted legislation empowering localities to designate and preserve historical districts. Va. Code § 15.1–503.2 (1973). *Id.* ¶ 37. Norfolk designated the West Freemason Street Area Historic District (the "Historic District") in 1977. *Id.* ¶ 38. Plaintiffs own land in the Historic District that does not include Grandy House. Compl. ¶¶ 39–42. Plaintiffs purchased land in the Historic District with the understanding that property in the District was subject to state law, including the Uniform Statewide Building Code ("USBC"), and the City's Zoning Ordinance. *Id.* ¶¶ 43, 88.

Demolition of a structure in the Historic District usually requires a certificate of appropriateness from the City's Architectural Review Board ("ARB") and a feasibility analysis to allow the ARB to determine if preservation was possible. *Id.* ¶¶ 44–45. Property owners in the Historic District can appeal ARB decisions to Norfolk City Council and then to Virginia Circuit Court. *Id.* ¶ 46. Demolition of a structure in the Historic District is allowed without going through the ARB process, however, in case of an emergency by order of the Fire Marshal or Building Commissioner. *Id.* ¶¶ 43, 47.

In November of 2015, Dr. Mark S. Sinesi ("Dr. Sinesi") purchased Grandy House. *Id.* ¶ 48. On December 16, 2016, an arsonist set fire to Grandy House. *Id.* ¶ 52. On December 19, 2016, the City cited the owner for code violations including, among others, the need for immediate demolition or repair of the porch. Compl. ¶ 54. Over the next year and a half, Dr. Sinesi failed to

2

make the repairs, and the City appeared in court at least six times regarding related enforcement actions. *Id.* ¶¶ 55, 58.

On June 15, 2018, counsel for Dr. Sinesi asked the City attorney's office for permission to demolish the Grandy House based on a January 2018 letter from Dr. Sinesi's engineer. *Id.* ¶ 63. After reviewing Dr. Sinesi's request, on June 18, 2018, the City's building commissioner determined that Grandy House "is structurally unsafe and should be demolished." *Id.* ¶ 64. On August 9, 2018, the City building commissioner issued a memorandum declaring the Grandy House "in such a condition that could reasonably be expected to cause death or serious physical harm to the public." *Id.* ¶ 75. On August 13, 2018, the City zoning administrator issued a memorandum advising the ARB of the building commissioner's August 9, 2018 memorandum, authorizing emergency demolition of Grandy House. *Id.* ¶ 78.

On August 14, 2018, the City sent the owner a notice of violation letter that required an appeal within fourteen (14) days to challenge the decision. Compl. ¶ 82. On August 16, 2018, the Freemason Street Area Association ("FSAA") learned that the City authorized demolition of the Grandy House. *Id.* ¶ 93. Over the next few weeks, Plaintiffs—in conjunction with FSAA—made several attempts to overturn the City's authorization to demolish Grandy House. *Id.* ¶¶ 97–100. Ultimately, the City issued a demolition permit for Grandy House, and Dr. Sinesi demolished Grandy House on October 30, 2018. *Id.* ¶ 123; Pl.'s Mem. Opp. at 8.

Plaintiffs allege that they had a negative easement and protective covenant over Grandy House that the City extinguished by failing to notify Plaintiffs of a right to appeal the City's decision to approve the demolishment of Grandy House. They allege further that the City's actions constituted a taking without just compensation and gross negligence. Accordingly, Plaintiffs state the following claims: Count One (federal inverse condemnation against the City); Count Two

3

(state inverse condemnation against the City); and Count Three (gross negligence against Defendants).

## II.   PROCEDURAL HISTORY

Prior to filing the instant action, the FSAA filed a petition for a temporary injunction against Dr. Sinesi on August 30, 2018, asking the Circuit Court of the City of Norfolk to enjoin Dr. Sinesi from demolishing Grandy House. *Freemason St. Area Ass'n, et al., v. City of Norfolk, et al.,* 103 Va. Cir. 244, 247 (2019). The court initially granted a fourteen-day temporary injunction, but after a subsequent hearing, the court ultimately denied the petition for a temporary injunction. *Id.* Dr. Sinesi then demolished Grandy House. *Id.*

With leave of court, the FSAA filed an Amended Complaint on April 12, 2019, and homeowners in the Historic District filed virtually identical complaints—all of which were consolidated with FSAA action. *Id.* Each of the complaints alleged counts of "(1) a procedural due process violation, (2) a declaratory judgment that the City took a property interest without paying just compensation, (3) a 42 U.S.C. § 1983 violation, and (4) an equal protection violation." *Id.* The City subsequently filed a demurrer or motion to dismiss the Amended Complaint and homeowner complaints. *Freemason*, 103 Va. Cir. at 247. The Court held a hearing on the demurrers on August 14, 2019 in addition to reviewing the parties' pre- and post-hearing briefs. *Id.* On October 21, 2019, the court issued a 14-page opinion that analyzed whether the plaintiffs had a property interest in Grandy House and concluded that they did not. *Id.* Accordingly, the Court found that without having a property interest in Grandy House, the plaintiffs failed to state a claim upon which relief could be granted. *Id.* Subsequently, the plaintiffs amended their complaint but then filed a motion for non-suit, which the court granted on November 12, 2019. Va. Cir. Non-Suit Order, ECF No. 6 at Ex. W.

Plaintiffs filed the instant action on behalf of all similarly situated putative class members in the Eastern District of Virginia on October 29, 2021. Compl., ECF No. 1. Plaintiffs filed an Amended Complaint on January 5, 2022. Am. Compl., ECF No. 18. Defendants filed the instant Motion to Dismiss on January 24, 2022. Mot. Dismiss, ECF No. 23. Plaintiffs responded on February 7, 2022, *see* Pl.'s Mem. Opp., ECF No. 26. Defendants replied on February 13, 2022. Reply, ECF No. 27.

### III.  LEGAL STANDARD

Federal courts "'have an obligation to assure [them]selves of litigants' standing under Article III'" before addressing the merits of a case. *Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006)). "If the plaintiffs have no standing, the court cannot continue to consider any further issue because the absence of standing to bring an action deprives the court of jurisdiction over the matter." *Armstrong v. United States*, 7 F. Supp. 2d 758, 762 (W.D. Va. 1998) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998)). To establish standing, a plaintiff must meet three elements. First, a plaintiff must show that they have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up). Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. *Id.* Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* In analyzing standing, courts must "accept as true . . . allegations for which there is sufficient factual matter to render them plausible on their face" but do not need to accept "conclusory statements" and "legal conclusions." *Beck v.*

*McDonald*, 848 F.3d 262, 270 (4th Cir. 2017). In this case, the Court finds that Plaintiffs have failed to establish a legally protected property interest in Grandy House, and therefore, they lack standing for suit against Defendants.

## IV.   DISCUSSION

Plaintiffs lack standing to bring the inverse condemnation claims in Counts One and Two and the gross negligence claim in Count Three because they do not have a property interest in Grandy House. The Court adopts Judge David W. Lannetti's analysis and conclusions regarding whether Plaintiffs and Putative Class Members have a property interest in Grandy House and finds that Plaintiffs allege facts that are virtually identical to those alleged in the previous state action. *See Freemason*, 103 Va. Cir. at 250–59 (finding that the FSAA and homeowners in the Historic District did not have a property interest in Grandy House); *United States v. 1.604 Acres of Land, More or Less, Situate in City of Norfolk, Va.,* 844 F. Supp. 2d 668, 682 (E.D. Va. 2011) (finding that property interests in federal condemnation cases are governed by state and local law); *Zaklit v. Glob. Linguist Sols., LLC*, No. 1:14cv314 (JCC/JFA), 2014 U.S. Dist. LEXIS 92623, at *1 (E.D. Va. July 8, 2014) (holding that federal courts must give great weight to state court interpretations of state law when deciding an issue under state law).

Accordingly, Plaintiffs have failed to allege "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent." *Lujan*, 504 U.S. at 560–61. Plaintiffs did not have a property interest in Grandy House that could have been "taken" by the City for public use (Counts One and Two), and Defendants did not have a duty to notify Plaintiffs regarding the emergency or hazardous demolition procedures at Grandy House (Count Three). Even if Plaintiffs could mount the first prong of the standing analysis, they have also failed to show that their alleged injury is fairly traceable to the challenged action of Defendants, and not

the result of the independent action of some third party not before the court. *Id.* Regarding the inverse condemnation claims, Dr. Sinesi, the owner of Grandy House and a non-party, demolished his own property, and Plaintiffs do not allege any facts to support that the City took Grandy House for public use. Regarding the gross negligence claim, the record reflects that under state and local law, Dr. Sinesi had the right as the owner of Grandy House to demolish the building if it was in hazardous condition without any input from Plaintiffs. For these reasons, Plaintiffs have failed to establish standing in the instant action against Defendants.

## V. CONCLUSION

For these reasons, Plaintiffs' and Putative Class Members' claims against Defendants are **DISMISSED WITH PREJUDICE** for lack of standing, and Defendants' Motion is **DISMISSED** as moot. The Clerk shall provide a copy of this Order to the parties and all counsel of record.

**IT IS SO ORDERED**.

Norfolk, Virginia
August 9 , 2022

Raymond A. Jackson
United States District Judge