IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

MAR - 3 2023

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ALBERT L. ROPER, II REVOCABLE
TRUST, et al.,

        Plaintiffs,

v.                                    Civil Action No. 2:21-cv-596

CITY OF NORFOLK, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is the City of Norfolk's, et al. ("City" or "Defendants") Affidavit and supporting documentation ("Affidavit") in support of their Motion for Sanctions ("Motion"). ECF Nos. 30, 49. Albert L. Roper, II Revocable Trust, et al. ("Plaintiffs") responded in opposition, ECF No. 41, and moves this Court to reconsider its August 9, 2022 order sanctioning Plaintiffs. ECF No. 39. The Court has reviewed the parties' filings and this matter is ripe for determination. For the reasons stated below, Plaintiffs' Motion for Reconsideration is **DENIED** and the Court **awards Defendants $8,718.25 in attorney's fees.**

### I. FACTUAL AND PROCEDURAL HISTORY

On October 29, 2021, Plaintiffs filed a putative class action against the City of Norfolk. Compl., ECF No. 1. On August 9, 2022, the Court dismissed Plaintiffs' claims with prejudice for lack of standing. ECF No. 35. The Court also granted Defendant's Motion for Sanctions and directed the City to provide an affidavit and other supporting documentation to prove the reasonableness of their requested attorney's fees. ECF No. 37.

Pursuant to the Court's Order, on August 24, 2022, Defendant filed an Affidavit with exhibits in support of its request for $10,067.43 in attorney's fees. ECF No. 38. On September 6,

2022, Plaintiffs filed a Motion for Reconsideration, urging the Court to reconsider its sanctions against Plaintiffs. ECF No. 39. Then on September 8, 2022, Plaintiffs filed their response in opposition to Defendant's Motion. ECF No. 41. On September 19, 2022, Defendant responded in opposition to Plaintiffs' Motion for Reconsideration, ECF No. 46, and Plaintiffs replied on September 26, 2022. ECF No. 47. The Court ordered Defendant to supplement its request for attorney's fees with additional information on January 25, 2023. ECF No. 48. On February 10, 2023, Defendant filed its supplemental pleading. ECF No. 49.

## II. LEGAL STANDARD

### A. Reasonable Attorneys' Fees and Expenses

The touchstone of any award of attorney's fees and expenses is reasonableness. *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013) (quoting *E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc.*, Civil Action No. 3:09cv058, 2013 WL 458532, at *2 (E.D. Va. Feb. 6, 2013)). District courts have discretion to fix the amount of reasonable attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party requesting attorney's fees bears the burden of establishing that the amount requested is reasonable. *Cook v. Andrew*, 7 F. Supp. 2d 733, 736 (E.D. Va. 1998).

To calculate an award of attorney fees, the Court must first determine a "lodestar fee." *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998); *Grissom v. The Miller Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Supreme Court of the United States ("Supreme Court") stated there is a "strong presumption" that the lodestar figure represents a reasonable attorney's fee, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010). The lodestar fee is calculated by multiplying the

2

number of reasonable hours expended times a reasonable rate. *Id.* In determining the reasonable hours expended and a reasonable hourly rate, the Fourth Circuit held that the *Johnson* factors must be applied. *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). These factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Id.* at 1075 n.2 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also, Trimper v. City of Norfolk, Va.*, 846 F.Supp. 1295, 1303 (E.D.Va.1994), *aff'd*, 58 F.3d 68 (4th Cir.1995) ("there is no strict manner in which the factors are to be considered and applied.").

District courts "should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, at 6 (1976)). Further explaining that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). The Fourth Circuit further held that, "[a] fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall." *Daly*, 790 F.2d at 1078.

## III. DISCUSSION

### A. Motion for Reconsideration

Before determining the proper fee amount in this case, the Court addresses Plaintiffs' argument that the Court should reconsider its August 9, 2022 order, dismissing Plaintiffs' claims and issuing sanctions against Plaintiffs, pursuant to the Federal Rules of Civil Procedure Rule 59. ECF No. 39. Rule 59 motions exist for the purpose of allowing "the court to reevaluate the basis for its decision" but are generally disfavored. *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has emphasized that mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). The Fourth Circuit recognizes three limited grounds for a district court's grant of a Rule 59 motion: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson*, 994 F.2d at 1081. "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being almost indisputable.'" *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 31 (2007) (quoting *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006)).

Plaintiffs argue that the Court should reconsideration its Order to correct a clear error of law and prevent manifest injustice. However, upon review, the Court finds that Plaintiffs offer no meritorious reason to warrant a change in the Court's ruling. Plaintiffs reassert previous arguments in an attempt to convince this Court that it misapplied the facts and the law, but the Court has not found any clear error of fact or law that needs to be corrected. Plaintiffs fails to present any new

4

facts to establish standing and their prior pleadings do not present sufficient facts to demonstrate that they have any legally cognizable right to object to the demolition of the Granby Street property. Therefore, the Court has not made any clear error in determining that Plaintiffs lacked standing to bring their claims. In addition, the Court finds that the Norfolk Circuit Court opinion provided a thorough explanation of the insurmountable legal barriers present in the instant action. Moreover, the Court finds that Plaintiffs' Motion demonstrates that the Court provided both parties with an adequate understanding of the Court's reasoning in making its decision to dismiss the case with prejudice. Pl.'s Mot. for Reconsideration, ECF No. 39 at 2 (explaining that "The Court found that Plaintiffs' injury was not traceable to the City because Grandy House's owner destroyed the property rather than the City. The Court found no allegation of public use and that Grandy House's owner had the right to demolish.") (internal citations omitted). Given the discretion invested in this Court to reconsider its earlier decision, the Court finds that Plaintiffs have not asserted any meritorious ground to amend the Court's Order. Accordingly, Defendants' Motion for Reconsideration is **DENIED**.

### B. Attorney's Fees

To determine the reasonableness of requested attorney's fees, the Court must consider the twelve factors set forth in *Johnson*. *See Barber v. Kimbrell's Inc.*, 577 F.2d 216, 266 (4th Cir. 1978) (adopting the twelve-factor test used in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). However, the "district court is under no obligation to go through the inquiry of those [*Johnson*] factors that do not fit." *In re A.H. Robins Co., Inc.*, 86 F.3d 364, 376 (4th Cir. 1996). The Court has considered the applicable *Johnson* factors and the evidence submitted in support of the Motion. For the reasons stated below, the Court finds that Defendant is entitled to $8,807.58 in attorney's fees.

1. **Lodestar Amount**

The first step in calculating a proper fee award is making a the "lodestar fee" determination. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). The lodestar fee is assessed by multiplying (a) the reasonable hourly rate times (b) the number of reasonable hours expended. *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998). The parties disagree on the lodestar fee in this case. Defendant seeks $10,067.43 in attorney's fees for an estimated 108.9 hours spent on this action. ECF No. 37. Plaintiff contests this amount and argues that Defendant's proposed lodestar should be reduced by approximately half. ECF No. 41. Accordingly, the Court reviews Defendant's Affidavit, supporting documentation and several relevant *Johnson* factors to determine the proper lodestar.

a. **Reasonableness of Defendant's Hourly Rates**

Defendants' Affidavit provides payroll information maintained by the City of Norfolk to support its request for $10,067.43 in attorney's fees. Because neither attorney bills time at a standard hourly rate, Defendants derived the hourly rates of the annual salaries of Attorney Melita and Attorney McClellan. Based on these figures, Defendants submit that the hourly wage equivalent of their salaries: $106.30 per hour for Attorney Melita and $52.42 per hour for Attorney McClellan. Aff., ECF No. 38 at 2-3. Although Defendants ultimately bears the burden of demonstrating the reasonableness of the requested rates, the Court notes that Plaintiffs do not dispute the reasonableness of the proposed hourly rates.

Generally, an attorney's hourly rate is "calculated according to the prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895. Aside from "the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the 'prevailing market rates in the relevant community' for the type of work for which he seeks an award." *Grissom v. The Mills*

*Corp.*, 549 F.3d 313, 323 (4th Cir. 2008) (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). The third, fifth, sixth, and ninth *Johnson* factors all concern a court's reasonable rate inquiry by assessing the skill required, the customary fee, whether the fee is fixed or contingent, and the experience, reputation, and ability of the attorneys. *Daly v. Hill*, 790 F.2d 1071, 1075 n.2 (4th Cir. 1986); *Blum v. Stevenson*, 465 U.S. 886, 898 (1984) (explaining that any required special skill or experience is "reflected in the reasonableness of the hourly rates.").

Defendants submit an affidavit from Attorney Gary A. Bryant, an experienced local attorney with 36 years of professional experience in the Hampton Roads area, regarding the prevailing market rates in the area. After reviewing the billing records in this case, Attorney Bryant submits that the requested rates are reasonable in light of prevailing market rates in the Hampton Roads area. ECF No. 49, Ex. 1 at 2 ¶ 5 (explaining that the hourly rates provided are "considerably lower than the generally prevailing rates of lawyers" practicing in this district in land use litigation involving municipalities). Specifically, Attorney Bryant attests that the hourly rates charged by attorneys in this market with Mr. Melita's experience is between $415 and $495 per hour and attorneys with Mr. McClellan's experience is between $310 and $390 per hour. *Id.* at 2 ¶ 6.

In consideration of the *Johnson* factors noted above, the Court finds the proposed hourly rates for each attorney to be reasonable in light of their experience, local prevailing rates, and the skill required to handle the legal services provided in this case. Accordingly, the Court adopts Defendants' proposed hourly rates: $106.30 per hour for Attorney Melita and $52.42 per hour for Attorney McClellan.

### b. Reasonableness of Hours Expended

Next, the Court must determine the reasonableness of the hours expended. Duplicative, excessive, or otherwise unnecessary hours cannot be found to have been reasonably expended. *Hensley*, 461 U.S. at 434; *Spell*, 852 F.2d at 770. Defendants submit that Attorney Melita spent no fewer than 80.9 hours on this case and incurred $8,599.67 in attorney's fees. ECF Nos. 38 at 2; 38-1. Defendants also submit that Attorney McClellan spent no fewer than 28.0 hours in this action and incurred $1,467.76 in attorney's fees. ECF Nos. 38 at 2; 38-2. Plaintiffs argue that Defendants expended an unreasonable number of hours in this matter and the Court should reduce the number of hours accounted for in several block billing, duplicative, and vague entries. ECF No. 41. Having reviewed the submitted exhibits and time entries, the Court finds that the hours Defendants' counsel expended in this matter require a downward adjustment.

The Court has considered the relevant *Johnson* factors to determine whether the number of hours expended is reasonable. The first *Johnson* factor—the time and labor involved—is fully accounted for in these hour totals. The "novelty and complexity" of the issues in this case are also presumably reflected in the number of billable hours, *Blum v. Stenson*, 465 U.S. 886, 898 (1984), however, the Court notes that this case did not move to the discovery stage and was dismissed for lack of standing. The Court has reviewed the timekeeping exhibits, and given the procedural history of this case, the Court finds that Defendants may not be compensated for the hours expended in addressing its late filing. The City spent an estimated 5.1 hours working to file a motion for leave to file a late pleading. ECF No. 38-1 (showing that Attorney Melita spent 2.10 hours on January 21, 2022 addressing the late responsive pleading); ECF No. 38-2 (showing that Attorney McClellan spent 3.0 hours on January 21, 2022 addressing the late responsive pleading). Based on the timekeeping exhibits on January 21, 2022, the Court will reduce Attorney Melita's

8

overall hours to 78.8 hours and Attorney McClellan's overall hours to 25 hours. In addition, the Court finds that Defendants spent approximately one-third of its time working on its Motion for Sanctions. *Id.* A review of the time-billing entries show that this legal work is commingled with descriptions of other work – a practice that prevents the Court for assessing the reasonableness of these expended hours. Therefore, the Court will reduce the overall award below to adjust for the unusually high number of hours spent on those filings. *Project Vote v. C*, 887 F.Supp.2d at 716 (hours that are inadequately documented through the extensive use of block billing or vague task descriptions may reduce the amount of attorney's fees requested because these practices prevent the Court from assessing the reasonableness of the time spent on discrete tasks.). The Court finds all other time entries to reflect a reasonable number of hours expended.

### 2. Adjustment of Overall Lodestar Calculation

Upon review of the affidavits, timekeeping exhibits, and supporting documentation from Defendants, and in consideration of the objections resolved above, the Court finds that the proper lodestar is $9,686.94 The Court calculates the lodestar award by multiplying the 78.8 hours expended by Attorney Melita times his hourly rate of $106.30 and adding this total to the 25 hours expended by Attorney McClellan times his hourly rate of $52.42, totaling $9,686.94 in attorneys' fees. The Court is mindful that the case was not litigated to trial, and the tasks reported in the timekeeping exhibits, mainly legal research and briefing, make it reasonable for Defendants to have expended an aggregate of 103.8 hours, subject to the exceptions discussed in more detail above. See *Hensley*, 461 U.S. at 434 (holding that initial fee calculation hours that are not reasonably expended should be excluded). This adjusted figure subtracts $380.49 from the requested $10,067.43 in attorney's fees for the 5.1 hours (2.1 hours for Attorney Melita and 3.0 hours for Attorney McClellan) expended in addressing the City's late pleading. Finally, the Court

will further reduce the lodestar to account for the practice of block billing, which prevented the Court from considering how much time Defendants spent on distinct tasks in the above-styled case. Accordingly, the Court reduces the overall fee award by ten percent (10%) and finds that the Defendants are entitled to attorney's fees in the amount of $8,718.25. *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006).

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Reconsideration, ECF No. 39, is **DENIED**. Defendants' request for attorney's fees, ECF No. 38, is **GRANTED in part and DENIED in part.** The City's request to approve $10,067.43 in attorneys' fees is **DENIED** because several *Johnson* factors do not weigh in favor of establishing the lodestar figure at Defendants' requested amount. Accordingly, the Court finds that **$8,718.25 in attorney's fees** is reasonable and hereby awards that amount to Defendants. Plaintiffs are **ORDERED** to pay $8,718.25 to the Clerk of Court within twenty (20) days of the date of this Order. The funds shall be paid into the Court Registry and thereafter be distributed to the City of Norfolk, Attn: City Attorney's Office, 810 Union Street, Norfolk, Virginia 23510.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 3, 2023

Raymond A. Jackson
United States District Judge